ORDER
Edward Fedosky testified at a bankruptcy proceeding that a copy of a tax return he gave to the trustee was a true *514 copy of one he had sent to the Internal Revenue Service, when in fact he hadn’t sent it yet. He pleaded guilty to knowingly and fraudulently making a false oath in a bankruptcy case. See 18 U.S.C. § 152(2). The district court sentenced him to six months’ imprisonment, the bottom of his guidelines range. He appealed, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Fedosky did not accept our invitation to address counsel’s submission. See 7th Cir. R. 51(b). We confíne our review to the potential issue that counsel identified in her facially adequate brief. See United States v. Schuh, 289 F.3d 968, 973-74 (7th Cir.2002).
Counsel explains that she discussed with Fedosky whether he wants to challenge his guilty plea and that he gave “no affirmative indication” he wants to do so. Counsel thus properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. See United States v. Knox, 287 F.3d 667, 671-72 (7th Cir.2002).
Counsel considers whether Fedosky might argue that his six-month sentence is unreasonable, but aptly rejects any such argument as frivolous. Fedosky’s sentence is at the bottom of his guidelines range and thus presumptively reasonable, see Rita v. United States, 551 U.S. 338, 350-51, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); United States v. Moreno-Padilla, 602 F.3d 802, 810 (7th Cir.2010), and counsel identifies no reason to disturb that presumption. When imposing this within-guidelines sentence, the district court properly applied the 18 U.S.C. § 3553(a) factors. The court discussed Fedosky’s personal characteristics, noting his financial irresponsibility and “questionable honesty,” see 18 U.S.C. § 3553(a)(1); United States v. Omole, 523 F.3d 691, 698 (7th Cir.2008), and the need to protect the community from someone who runs up debts that cannot be paid off, see 18 U.S.C. § 3553(a)(2)(c). These considerations, according to the court, outweighed Fedosky’s argument that probation would be more appropriate given the absence of any loss resulting from the crime and his role as the sole provider for his family. The court discussed the relevant sentencing factors and addressed Fedosky’s mitigating arguments, and was required to do nothing more. See United States v. Kilgore, 591 F.3d 890, 893 (7th Cir.2010).
We GRANT counsel’s motion to withdraw and DISMISS the appeal.